UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x **MEMORANDUM AND ORDER**

SAMIR ABDEL-MESIH                           Case No. 11-CV-5635 (FB) (VS)

                Plaintiff,

    -against-

WALDORF-ASTORIA HOTEL NEW YORK,
HILTON HOTELS WORLDWIDE, THE
BLACKSTONE GROUP, INC., and ERIC
LONG, an individual,

                Defendants.
------------------------------------------------------------x

*Appearances:*

| For the Plaintiff: | For the Defendants: |
|---|---|
| PETER J. FAMIGHETTI, ESQ. | TERRI L. CHASE, ESQ. |
| MICHAEL J. BORRELLI, ESQ. | EMILIE ANN HENDEE, ESQ. |
| Borelli and Associates, PLLC | Jones Day |
| One Old Country Road, Suite 347 | 222 East 41st Street |
| Carle Place, NY 11514 | New York, NY 10017 |

**BLOCK, Senior District Judge:**

      Defendants Waldorf-Astoria Hotel New York, Hilton Hotels Worldwide, and Eric Long ("defendants")[1] move to dismiss Plaintiff Samir Abdel-Mesih's ("plaintiff") complaint alleging discrimination and retaliation in violation of New York law. Plaintiff cross-moves for remand to state court. For the below reasons, plaintiff's motion is granted and defendants' motion is denied.

**I.    Factual Background**

      Plaintiff, a 54-year old Egyptian male, is currently employed as a banquet captain at the Waldorf-Astoria in New York ("hotel"). He began working at the hotel in 1987

---

[1] On December 12, 2011, plaintiff voluntarily dismissed The Blackstone Group, Inc. as a defendant.

as a banquet waiter, and was promoted to his current position in 2002. The terms of his employment are governed by a collective bargaining agreement ("CBA") between the Hotel & Motel Trades Council ("union") and the Hotel Association of New York City. Plaintiff claims that beginning in 2010, defendants implemented a staffing policy that discriminates against older, minority employees in favor of younger, white employees. He alleges the following in support: December 2010 modifications to the CBA reduced banquet captains' gratuity percentage and increased their workload; the hotel then terminated nine banquet captains, all minorities ranging in age from 50 to 91 years, and replaced them with white males all of whom were in their twenties to early thirties; general manager Eric Long ("Long") has repeatedly said that the hotel "need[s] new blood, new ideas," and told staff that the hotel "wants to get rid of the old guys"; Long ordered an older banquet captain to sign resignation papers and said, "It's time for you to retire and enjoy life"; a union delegate for the banquet waiters stated that he would "get rid of [the] remaining six [ ] captains as [he] got rid of the old [ ] eight captains before"; because of the hotel's policy to push out older minority employees, various banquet waiters and waitresses have stopped assisting plaintiff and instead have begun to verbally abuse and threaten him. Plaintiff says that he complained to Long, the union president, and the director of human resources about these issues, but these individuals did not take any action.

Plaintiff originally filed suit in New York Supreme Court, Queens County, alleging discrimination and retaliation in violation of New York Executive Law § 296 and New York City Administrative Code § 8-107. Defendants subsequently removed the case to

federal court on the grounds that § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), preempts plaintiff's state-law claims and thereby confers federal jurisdiction. Defendants have moved to dismiss, and plaintiff has cross-filed for remand to state court on the basis that removal was improper.

## II.     Analysis

Resolution of both parties' motions ultimately hinges upon a single determination: whether LMRA § 301 preempts plaintiff's state-law claims. Because the Court finds that plaintiff's claims are not preempted by § 301, there is no federal jurisdiction and the matter will be remanded to state court.

Ordinarily, "[a] case may not be removed to federal court on the basis of a defense of federal preemption, even if the defense is anticipated in the complaint." *Foy v. Pratt & Whitney Group*, 127 F.3d 229, 233 (2d Cir. 1997) (emphasis omitted). "Occasionally, however, 'the pre-emptive force of a statute is so extraordinary' that any claim based on preempted state law is considered a federal claim arising under federal law." *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Known as the "complete preemption doctrine," this concept is "ordinarily associated with LMRA § 301."[2] *Hernandez v. Conriv*

---

[2]LMRA § 301 states:

> Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

3

*Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997). Where the doctrine is applicable, "[t]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization, [and] [a]ny such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *See Caterpillar*, 482 U.S. at 393 (citation and internal quotations omitted). Thus, "if the state claims put forward by plaintiff[] are preempted by § 301 of the LMRA, 'the action may properly be removed to the federal courts, even when the plaintiff's complaint does not itself include a federal cause of action'." *Foy*, 127 F.3d at 232-33 (citing *Shafii v. British Airways*, 83 F.3d 566, 569 (2d Cir. 1996)); *see also Hernandez v. Conriv Realty Assocs.*, 116 F.3d 35, 38 (2d Cir. 1997) ("[I]f [plaintiff's] claims are preempted by section 301, federal jurisdiction exists and the removal of his case was proper."). Defendants' removal is premised solely upon § 301 preemption—thus if LMRA § 301 does not preempt plaintiff's state-law claims, there is no federal jurisdiction.

Section 301 preempts state-law claims for the violation of a contract between an employer and a labor organization "where the resolution of [such] state-law claim[s] depends on an interpretation of the collective-bargaining agreement." *Foy*, 127 F.3d at 233; *see also Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 413 (1988) ("[A]n application of state law is pre-empted by § 301 [] if such application requires the interpretation of a collective-bargaining agreement."). To make this determination, "the starting point . . . is consideration of the elements of plaintiff's stated claim." *Zuckerman v. Volume Servs. Am., Inc.*, 304 F. Supp. 2d 365, 370 (E.D.N.Y. 2004) (citation omitted). Plaintiff first alleges that defendants illegally discriminated against him in violation of New York Executive Law § 296

4

and New York Administrative Code § 8-107.  "[I]dentical standards apply to employment discrimination claims brought under Title VII, . . . New York Executive Law § 296, and the Administrative Code of the City of New York."  *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000).  Accordingly, plaintiff has the initial burden to establish a *prima facie* case of discrimination—he must show "(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination."  *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004).  If plaintiff meets this burden, defendants must articulate a legitimate, non-discriminatory reason for their actions.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 806 (1973).  At that point, the burden then shifts back to plaintiff to prove that defendants' articulated rationale is a pretext for discrimination.  *See id.*  On plaintiff's retaliation claims, he must demonstrate that (1) he engaged in a protected activity; (2) his employer was aware of such participation; (3) he suffered an adverse employment action based upon his activity; and (4) there is a causal connection between the protected activity and the adverse action.  *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 312-13 (2004).

After considering these elements, the Court finds that plaintiff's state-law claims involve "purely factual inquir[ies] [that] do[] not turn on the meaning of any provision of a collective-bargaining agreement."  *Lingle*, 486 U.S. at 407.  That is, whether plaintiff is ultimately able to succeed on his state-law claims depends upon factual questions that do not require an interpretation of any of the terms of the CBA.  *See Lingle*, 486 U.S. at 407 (no preemption where plaintiff's claims presented "purely factual questions pertain[ing] to the

5

conduct of the employee and the conduct and motivation of the employer" and did not require interpretation of "any term of a collective-bargaining agreement"); *see also Foy*, 127 F.3d at 235 (no preemption where state-law claims did not turn on the meaning of any collective-bargaining agreement provision, but instead depended upon "the employer's behavior, motivation, and statements."). Plaintiff's allegations demonstrate the nature of the inquiry—for example, he states that the "circumstances giving rise to an inference of discrimination" include modifications to the CBA resulting in the replacement of older minority banquet captains with younger white employees; comments by defendant Long and the union delegate regarding getting rid of "old" employees; and verbal threats by banquet waiters and waitresses.

While defendants contend that § 301 preemption is warranted "because resolution of the claims requires interpretation of the terms of [the CBA]," they fail to identify any CBA provisions necessitating interpretation. Instead, defendants argue for preemption by pointing to plaintiff's assertion that modifications to the CBA "implemented" the discriminatory policy. *See* Compl. ¶ 23. Defendants' argument is unavailing. "[N]ot every dispute . . . tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 . . . ." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). While plaintiff alleges that defendants' discriminatory policy was in part carried out by modifications to the CBA, this is insufficient for purposes of § 301 preemption. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994); *see also Wynn v. AC Rochester*, 273

6

F.3d 153, 158 (2d Cir. 2001) (while resolution of state-law claims may "require reference to the CBA . . . such reference to the CBA [i]s not in itself 'interpretation' warranting preemption."); *Foy*, 127 F.3d at 233 (consultation of CBA in adjudicating state-law claim does not itself render the claim preempted). Because the resolution of plaintiff's claims does not require the Court to interpret any term of the CBA, "the state-law remedy in this case is 'independent' of the collective-bargaining agreement . . . for preemption purposes," and § 301 does not preempt plaintiff's state-law claims. *See Foy*, 127 F.3d at 235.

As the state-law claims are not preempted, there is no federal jurisdiction in this matter. *See Hernandez,* 116 F.3d at 39 (finding no federal jurisdiction where plaintiff's state-law claims were not preempted by § 301 and there was no other basis for federal jurisdiction). Accordingly, the case will be remanded to state court. *See Foy*, 127 F.3d at 237 (remanding action to state court where plaintiff's state-law claims were not preempted by § 301).

### III. Conclusion

Plaintiff's cross-motion to remand is granted, and defendants' motion to dismiss is denied. This case is ordered remanded to the Supreme Court of the State of New York, County of Queens. After remanding to state court, the Clerk of the Court is directed to terminate the motions and to close the file in this matter.

**SO ORDERED.**

                                                FREDERIC BLOCK
                                                Senior United States District Judge

Brooklyn, New York
February 20, 2013

8